1  GREENBERG TRAURIG, LLP
2  Alana C. Srour (SBN 271905)
   1840 Century Park East, 19th Floor
3  Los Angeles, CA 90067
4  Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
5  Email:    sroura@gtlaw.com

6  Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A.

8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| NEGAR NIAZI, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION PURSUANT TO 28 U.S.C. SECTIONS 1331, 1332, 1367, 1441 AND 1446**<br><br>Action Filed:　　March 9, 2023<br>Action Removed:　April 14, 2023 |

**PLEASE TAKE NOTICE** that Defendant, JPMorgan Chase Bank, N.A. (hereinafter "Chase") hereby removes to this Court the state court action entitled *Negar Niazi v. JPMorgan Chase Bank, National Association*, Case No. 30-2023-01312526-CU-CR-NJC (the "State Court Action"), from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), and 1446. Chase provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.[1]

## I. BACKGROUND AND PROCEDURAL REQUIREMENTS

1. Plaintiff Negar Niazi ("Plaintiff") filed the State Court Action on March 9, 2023. The Complaint names Chase and Does 1 through 10 as Defendants. The Complaint asserts claims against Chase for violations of California's Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.* ("Unruh Act"); violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); Intentional Infliction of Emotional Distress ("IIED"), and Negligent Infliction of Emotional Distress ("NIED"), and alleges that Chase denied Plaintiff access to banking on the basis of her disability. Specifically, the Complaint alleges "[Plaintiff] has a disability … that requires reasonable accommodation … [and] brought this action because she has been denied service repeatedly

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

by Chase employees on the basis of her disability." (Complaint, Ex. A, ¶ 20). The Complaint further alleges that "on approximately at least 50 occasions, [Plaintiff] has been discriminated by Chase and unable to complete her banking needs due to her disability and Chase's unwillingness to offer her reasonable accommodations or follow its own ADA policies" and that Plaintiff "has [conducted] banking at least one [sic] a week, every week at Chase. Almost every week since the early part of 2022, [Plaintiff] has been discriminated against by Chase because of her disability." (Ex. A, ¶¶ 21, 34). Chase's alleged discrimination purportedly "caused [Plaintiff] to experience difficulty, emotional distress, frustration, fear, anxiety, humiliation, inconvenience, embarrassment, and out-of-pocket losses." (Ex. A, ¶ 41). Attached hereto as **Exhibit A** are true copies of Plaintiff's Summons and Complaint.

2. Plaintiff served Chase with the Complaint in the State Court Action on March 16, 2023. Pursuant to 28 U.S.C. § 1446(b), Chase files this Notice of Removal within 30 days of the receipt or service of the Complaint and within one year of commencement of the action. This removal therefore is timely.

3. The State Court Action was filed in the Superior Court of the State of California for the County of Orange. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1446(a).

4. In accordance with 28 U.S.C. § 1446(a), true copies of all process, pleadings, and orders served upon Chase in the State Court Action are attached hereto in **Exhibits A** and **B**. For the Court's ease of reference, these documents consist respectively of: Plaintiff's Summons and Complaint (**Exhibit A**) and the remainder of the state court file (**Exhibit B**).

5. Pursuant to 28 U.S.C. § 1446(d), Chase will promptly file with the Clerk of the Orange County Superior Court and serve on all parties a copy of this Notice of Removal.

6. If any question arises as to the propriety of the removal of this action, Chase requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

7. By filing this Notice of Removal, Chase does not waive any jurisdictional objection or other defense that is or may be available to it. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Chase's right to assert any defenses or affirmative matters, including, without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   GROUNDS FOR REMOVAL

### FEDERAL QUESTION JURISDICTION

8. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a), in that it appears from the Complaint that Plaintiff has filed an action involving a claim or right arising under the laws of the United States. Specifically, the Complaint includes claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.

### SUPPLEMENTAL JURISDICTION

9. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims for violations of the Unruh Act, IIED, and NIED. Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the case here. Plaintiff's Unruh claim arises out of the same alleged discriminatory conduct. (*See* Ex. A, ¶ 45(c) ["Chase violated the Unruh Act by its acts and omissions, as follows:…[v]iolating the ADA, as alleged above in the Second Cause of Action, a violation of which is a violation of the Unruh Act."].) Likewise, Plaintiff's IIED and NIED claims arise out of the same alleged discriminatory conduct. (*See* Ex. A, ¶ 45(c) [IIED: "Chase intentionally caused [Plaintiff] to suffer emotional distress by purposely and systematically rejecting her requests week after week to facilitate her disability…"; *see also* ¶¶ 66-74]; Ex. A, ¶¶ 77-79 [NIED: "Chase failed to fulfill that duty [to provide Plaintiff with banking needs] by not providing [Plaintiff] the ability to utilize its banking services … knowing [Plaintiff] was a person with a disability requiring reasonable

accommodations, Chase negligently failed to ensure that [Plaintiff] was able to utilize its services… negligently caus[ing] [Plaintiff] to suffer severe emotional distress."; *see also* ¶¶ 76-82].) Accordingly, this Court has supplemental jurisdiction over Plaintiff's derivative state law claims.

## DIVERSITY JURISDICTION

10. Additionally, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Chase.

11. <u>Diversity</u>. The parties to this action are "citizens of different states," and were at the time the State Court Action was filed. 28 U.S.C. §1332(a)(1).

　　a.　According to the Complaint, Plaintiff is, and was at the time the State Court Action was filed, an individual residing in the County of Orange, State of California. (*See* Ex. A, ¶¶ 22, 23 ["starting very early in 2022, a change in bank management at the branch located at 2967 Michelson Dr., Irvine CA 92612, led to discriminatory practices that left [Plaintiff] with the inability to obtain accommodations to complete her banking needs. The Michelson branch was .03 miles from [Plaintiff's] residence.]".) Accordingly, Plaintiff is a citizen of California for the purposes of diversity.

　　b.　Chase is, and was at the time the State Court Action was filed, a national banking association with its main office, as designated by its articles of association, in Columbus, Ohio. A national banking association is a citizen only "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg.*, 747 F.3d 707, 715 (9th Cir. 2014) ("[A] national bank is 'located' only in the state designated as its main office."). Accordingly, Chase is a citizen of Ohio for the purposes of diversity.

c. Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, No. 116CV00308LJOSKO, 2016 WL 2616529, at *2 (E.D. Cal. May 9, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

d. Therefore, there is complete diversity of citizenship between Plaintiff and Chase.

12. <u>Amount in Controversy</u>. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different states . . . ."

a. Though Chase concedes no liability on Plaintiff's claims, Plaintiff seeks to recover in excess of $75,000.

b. Plaintiff seeks statutory damages for each alleged violation of the Unruh Act. (*See* Ex. A, ¶¶ 43-51; ¶ 46 ["[Plaintiff] has experienced barriers related to Chase's services, policies, and procedures, all of which have caused her major difficulty, discomfort and embarrassment. Plaintiff suffered physical, mental, and emotional damages, including statutory and compensatory damages, according to proof."]; Prayer, ¶ B ["Plaintiff prays for judgment and the following specific relief…Award to Plaintiff all appropriate damages under the Unruh Act, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof."].) The Unruh Act provides for minimum statutory damages of $4,000 per violation. Cal. Civ. Code § 52(a). Plaintiff alleges that "on approximately at least 50 occasions, [Plaintiff] has been discriminated by Chase and unable to complete her banking needs due to her disability and Chase's unwillingness to offer her reasonable accommodations or follow its own ADA policies" and that Plaintiff "has [conducted]

banking at least one [sic] a week, every week at Chase [and] [a]lmost every week since the early part of 2022, [Plaintiff] has been discriminated against by Chase because of her disability. (Ex. A, ¶¶ 21, 34). Without conceding any liability for Plaintiff's claims or Plaintiff's entitlement to such an award, but assuming for the purposes of removal a $4,000 statutory penalty for each of the 50 alleged violations, that is $200,000 in statutory damages for the Unruh Act claim.

      c.     Additionally, Plaintiff seeks attorneys' fees. (Ex. A, Prayer ¶ E). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff does not plead the amount of attorneys' fees she seeks, but seeks them in addition to the minimum statutory damages.

      d.     Accordingly, without conceding any merit to the Complaint's damages, allegations or causes of action, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a), as alleged in Plaintiff's Complaint, is satisfied.

### III.   NO ADMISSION

13.   By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

### IV. CONCLUSION

14.   For the reasons stated above, removal on federal question, supplemental and diversity grounds, pursuant to pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, is appropriate.

//
//
//
//
//

WHEREFORE, the State Court Action is hereby removed to this Honorable Court from the Superior Court of the State of California, County of Orange, and Chase requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

DATED: April 14, 2023

GREENBERG TRAURIG, LLP


By /s/ Alana C. Srour
Alana C. Srour

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.