# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 03/09/2023 02:09:19 PM.
30-2023-01312526-CU-CR-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
Case 8:23-cv-00645 Document 1-1 Filed 04/14/23 Page 2 of 15 Page ID #:10

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NEGAR NIAZI, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Orange County Superior Court
(El nombre y dirección de la corte es): North Justice Center
~~XXXXXXXXXXXXXXXXXXXXX~~ 1275 North Berkeley Avenue
~~XXXXXXXXXXXXXX~~ Fullerton, CA 92832

CASE NUMBER: *(Número del Caso):*
30-2023-01312526-CU-CR-NJC
Judge Glenn Salter

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kyle R. Tracy, 225 S. Lake Ave. Suite 300, Pasadena, CA 91101, (626) 394-0843

DATE: 03/09/2023 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *K. Climer*, Deputy
(Fecha) (Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, *(POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Exhibit A, Page 008

Electronically Filed by Superior Court of California, County of Orange, 03/09/2023 02:09:19 PM.
30-2023-01312526-CU-CR-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
Case 8:23-cv-00645 Document 1-1 Filed 04/14/23 Page 3 of 15 Page ID #:11

Kyle R. Tracy, No. 274428
**TRACY LAW, PC**
225 South Lake Ave., Suite 300
Pasadena, CA 91101
Telephone: 626-394-0843
kyle@tracylaw.com

Attorneys for Plaintiff NEGAR NIAZI

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| NEGAR NIAZI, an individual;<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>Defendant. | Assigned for All Purposes<br><br>Case No. Judge Glenn Salter<br>30-2023-01312526-CU-CR-NJC<br><br>**COMPLAINT FOR DECLARATORY RELIEF, STATUTORY VIOLATIONS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE AND DAMAGES**<br><br>1. Violations of the California Unruh Act. (Cal. Civil Code § 51 *et sec.*)<br>2. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*)<br>3. Intentional Infliction of Emotional Distress<br>4. Negligent Infliction of Emotional Distress<br><br>*Assigned for all purposes to the Hon.*<br>*in Dept.* |

Plaintiff NEGAR NIAZI hereby complains of violations of her civil rights, negligence, and tort law, and brings forth this action against Defendant JPMORGAN CHASE BANK, N.A. (hereinafter known as "Defendant"), and DOES 1-10, inclusive, as follows:

//
//
//
//

**COMPLAINT FOR DECLARATORY RELIEF; STATUTORY VIOLATIONS; AND DAMAGES**

## INTRODUCTION

1. This is a civil rights, negligence, and tort cause of action case involving the lack of disabled access to the services provided by Defendant JPMorgan Chase Bank, N.A. ("Chase"), a company that provides banking services throughout California.

2. Plaintiff Negar Niazi (Hereinafter known as "Plaintiff" or "Ms. Niazi") is quadriplegic. Because she does not have use of her arms, Plaintiff must rely on facial recognition on her phone and Chase employees to help her navigate her private banking needs.

3. Under both the California Unruh Act and Title III of the Americans with Disabilities Act of 1990 ("ADA"), refusal to serve a person with a disability on the basis of their disability is actionable discrimination. Chase is a covered entity or a place of public accommodation, under the ADA, because they are business primarily engaged in the banking needs of individuals.

4. Chase engaged, and continues to engage, in prohibited discriminatory practices by failing to properly train its employees and permitting them to deny access to Ms. Niazi when, as always, she is unable to use her hands. Chase has failed to make reasonable modifications in its policies, practices, or procedures to avoid continued discrimination against Ms. Niazi. Chase is also for Chase employees because; 1) Chase has a non-delegable duty to comply with Unruh and the ADA, and 2) Chase employees are Chase's agents and employees. Chase is thus both directly and vicariously liable for violating the Unruh Act and the ADA each time one of its employees denied Ms. Niazi access to banking on the basis of her disability.

5. At all times relevant herein and continuing, Ms. Niazi was denied equal protection of the law and was denied civil rights under state and federal law. Chase's discriminatory practices and continued failure to accommodate disabled customers deny full and equal access to individuals with disabilities, including Ms. Niazi, in violation of the ADA and California's analog state statute, the Unruh Civil Rights Act ("Unruh Act").

6. Plaintiff is informed and believe, and thereon allege, that at all times herein defendant Chase is and was a corporation registered to do business in the State of California and doing business in Orange County.

7. The true names and capacities of Does 1 through 10, inclusive, are not known to Plaintiff at this time and therefore Plaintiff sue those Defendant by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such Defendant when they are ascertained.

8. Chase does not allow lower-level employees to make corporate wide decisions regarding the procedures to ensure that customers are not victims of discrimination. These decisions are authorized or ratified by an officer, director or managing agent of Chase. Any decisions regarding the failure to enforce, create or monitor procedures to ensure equality, were authorized or ratified by an officer, director or managing agent of Chase.

**PARTIES**

9. As used in this Complaint, the word "Plaintiff" shall mean Plaintiff Negar Niazi.

10. Defendant JPMorgan Chase Bank, N.A. is a for-profit company registered to do business in California. Chase's primary business is banking services. Chase offers a smart phone software application to allow customers to bank using the application and to sign in using facial recognition softwares.

**FACTUAL ALLEGATIONS**

11. Chase operates bank branches in scores of metropolitan cities and has hundreds of branches operating in California.

12. Chase's individual banking services are available to people who qualify to open an account.

13. Chase's banking services have a demonstrable and substantial effect on personal finances as well as business finances and commerce.

14. Chase chooses employees based on criteria and requirements developed by Chase and closely monitors and controls interactions between its employees and customers. Chase bills customers for their accounts, provides customers with receipts, and handles inquiries and complaints from customers concerning Chase's employees and services.

15. The work that Chase Employees perform for Chase, provides an indispensable part Chase's individual banking business.

16. In addition to schedule, payroll, salary, and financial bonus controls, Chase regulates its employees by conducting background checks and setting requirements for employees hiring and promotion.

17. In addition to the above, Chase also has special guidelines for its employees regarding customers with disabilities. However, other than providing its employees with its Policy, Chase obviously does not provide sufficient functional training to its employees regarding the employees' and Chase's obligations under the ADA and UNRUH Act to prevent frequent discriminatory practices.

18. Per these guidelines, Chase is in complete control of this aspect of its employees' performance. Indeed, Chase claims that discrimination by its employees is not tolerated and that employees are subject to internal investigation and appropriate action including termination for failure to abide by Chase's policies. In the paperwork it provides to all employees, Chase lists failure to comply with state, federal, and local laws regarding customer service as a basis for termination. Chase can and does suspend –and even terminate, employees who break its rules. However, on multiple occasions, Chase has neglected to terminate an offending employee's for violations of the ADA and UNRUH. On other occasions, Chase has opted in its discretion not to appropriately follow up, in clear violation of its own policies. Indeed, on information and belief, Ms. Niazi alleges that Chase's support team knowingly coaches employees on how to get out of an allegation of discrimination, and often utilizes its discretion to excuse blatant discrimination so as to avoid having to terminate an Chase Employee.

19. As described herein, Chase is on notice that its policies, taken together with its supervision and administration of those policies, are not sufficient to prevent and forestall unreasonable discrimination on the part of its employees.

### Ms. Niazi's Claims

20. Negar Niazi has a disability and that requires reasonable accommodations for such. Because she cannot utilize her hands, Ms. Niazi must rely on others to function as a member of society. Ms. Niazi has brought this action because she has been denied service repeatedly by Chase employees on the basis of her disability.

-4-

21. On approximately at least 50 occasions, Ms. Niazi has been discriminated by Chase and unable to complete her banking needs due to her disability and Chase's unwillingness to offer her reasonable accommodations or follow its own ADA policies.

22. Prior to 2022, Ms. Niazi used to be able to consistently obtain reasonable accommodations from Chase. However, starting very early in 2022, a change in bank management at the branch located at 2967 Michelson Dr., Irvine CA 92612, led to discriminatory practices that left Ms. Niazi with the inability to obtain accommodations to complete her banking needs.

23. The Michelson branch was .03 miles from Ms. Niazi's residence.

24. On very few occasions, an employee at the above location would still help Ms. Niazi, but did so while hiding from management, because the individual did not want to, "get in trouble." They were instructed to no longer specifically help Ms. Niazi in the manner they and other employees had been previously doing prior to the management change in early 2022.

25. Because Ms. Niazi was not able to receive the same reasonable accommodations as she did prior to the change in management, Ms. Niazi had to go to a different Chase branch further from her residence, located at 17585-A Harvard Ave, Irvine, CA .

26. However, she informed the new branch of the reason she was now there and that branch contacted the Michelson branch. This branch also did not provide the reasonable accommodations that Ms. Niazi was able to obtain from Chase prior to 2022.

27. In addition to the Harvard Branch not providing reasonable accommodations to Ms. Niazi, it went out of its way to inform other branches not to accommodate her as well.

28. On one such occasion, or about a Tuesday in February 2023, Ms. Niazi went to the Harvard Branch to open a credit card. However, she was unable to digitally sign because she could not utilize her hands. The branch would not accommodate her requests to have someone sign for her in her presence. Because she was unable to receive reasonable accommodations at the Harvard Branch, the following Friday she went more than 9 miles away to the 3152 W. Balboa Blvd., Newport Beach Chase Branch to attempt to open the credit card.

29. However, the Balboa Branch also refused to open the credit card for her. She was

told she needed to be about the click the digital pad for consent. Due to her disability, she was unable to do so. Ms. Niazi requested they put the digital pen in her mouth so she could click and sign, however, her request was refused. She requested to have her family member who was present with her to sign for her, however that request was denied as well.

30. Ms. Niazi informed the Balboa branch that she was also unable to open the credit card at the Harvard Branch and asked how it was she would be able to do so. The supervisor at the Balboa Branch then phoned the manager at the Harvard Branch to inquire. Ms. Niazi was told that the Harvard Branch manager instructed the Balboa Supervisor not to accommodate Ms. Niazi.

31. The following Monday, embarrassed and humiliated, Ms. Niazi went back to the Harvard Branch to confront them. After asking to escalate her issue to someone higher up, the branch manager acquiesced and provided a reasonable accommodation for Ms. Niazi to be able to click and sign for the credit card.

32. The above credit card refusal to provide reasonable accommodations is just one example of the well more that 50 times Ms. Niazi has been discriminated against by Chase because of her disability.

33. Ms. Niazi has to leave several hours of time open in her schedule to make sure to accommodate refusals from Chase for normal banking needs.

34. Ms. Niazi has to conduct banking at least one a week, every week at Chase. Almost every week since the early part of 2022, she has been discriminated against by Chase because of her disability.

35. Ms. Niazi has escalated her concerns on at least two occasions, once in 2022 and again in 2023.

36. She has been told that there are policies in place to provide reasonable accommodations for her and that she has to ask for them. She has asked for them and is consistently told at the branches that they are not aware of the Chase's own policies. The most recent was this week. The employees at the Chase Branch told her they were not informed, "by headquarters."

37. In addition, on Monday, March 6, 2023, while waiting in line, Ms. Niazi was not

greeted by the branch manager. However, the manager greeted the individual directly behind Ms. Niazi. Ms. Niazi brought this to the attention of the manager and the first response was, "I didn't see you there." Later, the manager changed the reason given for not greeting Ms. Niazi to, "I thought the guy behind you was your caregiver." This is typical behavior each time Ms. Niazi attempts to conduct banking at Chase.

38. Ms. Niazi has incurred late fees and other out of pocket expenses because of the discriminatory actions by Chase.

39. Upon information and belief, Chase has failed to require all employees to read and correctly answer questions about obligations to its disabled customers.

40. In acting as herein alleged, Chase has both directly and indirectly denied Ms. Niazi full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Chase.

41. In acting as herein alleged, Chase caused Ms. Niazi to experience difficulty, emotional distress, frustration, fear, anxiety, humiliation, inconvenience, embarrassment, and out-of-pocket losses. Chase's discrimination is ongoing and continuous and results in ongoing and irreparable injury to Ms. Niazi. Chase's discrimination against Ms. Niazi is certain to occur on a regular basis following the filing of this Complaint. Therefore, Ms. Niazi reserves, and will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

42. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties, and obligations under state and federal law. Accordingly, Plaintiff is entitled to declaratory relief.

## FIRST CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et sec.]

### (Alleged Against All Defendant)

43. Ms. Niazi repleads and incorporates by reference the allegations contained in all paragraphs of this Complaint and incorporates them as if fully set forth again herein.

44. Chase is a business establishment within the meaning of the Unruh Act.

45. Chase violated the Unruh Act by its acts and omissions, as follows:

   A. Denying, aiding, and/or inciting the denial of Ms. Niazi's rights to full and equal use of the accommodations, advantages, facilities, privileges, and/or services offered by Chase to members of the public;

   B. Failing to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of Chase; and

   C. Violating the ADA, as alleged above in the Second Cause of Action, a violation of which is a violation of the Unruh Act.

46. Ms. Niazi has experienced barriers related to Chase's services, policies, and procedures, all of which have caused her major difficulty, discomfort and embarrassment. Plaintiff suffered physical, mental, and emotional damages, including statutory and compensatory damages, according to proof.

47. Further, each violation of the ADA (as pled in the First Claim) also constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages pursuant to California law, including but not limited to Civil Code § 52(a).

48. With respect to Chase's violations of the Unruh Act that are not predicated on violations of the ADA, Chase's behavior was intentional: it was aware of and/or was made aware of its duties to refrain from establishing discriminatory policies and barriers that prevent persons with disabilities like Ms. Niazi from obtaining full and equal access to Chase's services. Chase's discriminatory practices and/or policies that deny full enjoyment of its services to persons with disabilities indicate actual and implied malice and conscious disregard for Ms. Niazi's rights.

49. At all times relevant, Chase is and was well aware of its legal duties outlined in this complaint. Yet even after Ms. Niazi's complaints, Chase continued its discriminatory practices and/or policies. Accordingly, Chase has engaged in willful affirmative misconduct in violating the Unruh Act, which warrants the awarding of treble damages and punitive damages.

50. Chase's services and its policies and procedures have not been improved. Plaintiff's injuries, and as such, damages, are ongoing so long as Chase does not modify their policies and procedures and provide fully accessible services for Ms. Niazi and other persons with similar disabilities.

51. At all times herein mentioned, Chase knew, or in the exercise of reasonable diligence should have known, that its services, policies, and practices violated disabled access requirements and standards, and had a discriminatory impact upon Plaintiff and upon other persons with similar disabilities. But Chase failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

## SECOND CAUSE OF ACTION:
## VIOLATIONS OF THE ADA, TITLE III
### [42 USC §§ 12101 *et seq.*]
### (Alleged against All Defendant)

52. Ms. Niazi repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Compliant and incorporates them.

53. Ms. Niazi is, and at all times relevant herein was, a qualified individual with a disability within the meaning of the ADA as she has impairments that substantially limit one or more major life activities.

54. Chase is a covered entity under the ADA because it is a company in the business of banking and its operations affect commerce under 42 U.S.C. § 12184. Chase has non-delegable duties under the ADA to provide services to qualified individuals with disabilities, including Ms. Niazi.

55. Specifically, Chase (either directly or indirectly through its employee employees) owns, operates, and provides services within the meaning of Title III of the ADA and its implementing regulations.

56. Chase's acts and omissions as herein alleged have violated Ms. Niazi's rights under the ADA. Chase is both directly and vicariously liable for the many violations of Plaintiff's

-9-

rights described herein including, *inter alia*:

57. Chase is vicariously liable under agency principles and because it has a non-delegable duty under the ADA for each time its employees denied Ms. Niazi public services based on her disability.

58. Chase is vicariously liable under agency principles and because it has a non-delegable duty under the ADA for each time its employees denied Ms. Niazi the opportunity to use services intended for the general public, when she was capable of using those services.

59. Chase is vicariously liable under agency principles and because it has a non-delegable duty under the ADA for each time its employees imposed eligibility criteria that tend to screen out individuals, like Ms. Niazi, who require reasonable accommodations for a disability from fully enjoying the specified services provided by Chase, despite the fact that excluding these individuals is unnecessary for the provision of the services being offered.

60. Chase is directly liable for failing to make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals, like Ms. Niazi, who require as a reasonable accommodation for a disability, despite the fact that Chase cannot demonstrate that making the necessary modifications would fundamentally alter the nature of the services it offers.

61. Chase is directly liable for failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals, despite the fact that taking such steps would not fundamentally alter the nature of Chase's services and would furthermore not constitute an undue burden on Chase or its employees.

62. Chase is directly liable failing to ensure that its employees are "trained to proficiency" to interact with and provide services to disabled customers with disabilities.

63. The acts and omissions of Chase set forth herein were in violation of Ms. Niazi's rights under the ADA and its implementing regulations. As a result of these acts and omissions, Ms. Niazi has been subjected to repeated and continuing harm.

64. Plaintiff is entitled to the remedies, procedures, and rights set forth in 42 U.S.C. § 12205.

### THIRD CAUSE OF ACTION:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Alleged against All Defendant)**

65. Ms. Niazi repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Compliant and incorporates them herein.

66. Chase intentionally caused Ms. Niazi to suffer emotional distress by purposely and systematically rejecting her requests week after week to facilitate her disability by following Chase's own policies already in place.

67. Chase intentionally caused Ms. Niazi to suffer severe emotional distress by purposely informing employees not to reasonably accommodate her banking needs. This happened on almost a weekly basis since the beginning of 2022. The reckless and intentional behavior caused and still causes Ms. Niazi severe emotional distress.

68. Chase intentionally caused Ms. Niazi to suffer severe emotional distress when the Chase employee, pretended not to see Ms. Niazi, and greeted another customer in front of her.

69. She experienced extreme fear in not knowing if she would be able to conduct banking that is required for her to pay her caregivers, something she would not be able to live without.

70. Instructing other employees and branches not to accommodate Ms. Niazi specifically, and pretending not to see Ms. Niazi, is outrageous. By doing so, Chase acted with reckless disregard of the probability that Ms. Niazi would suffer emotional distress, knowing that Ms. Niazi was present for the conduct.

71. Chase was intentionally trying to bully or scare Ms. Niazi in no longer conducting her banking needs with Chase and at specific Chase Branches.

72. Ms. Niazi suffered severe emotional distress from these outrageous acts by Chase. She has since been subjected to fear each and every time she needs to utilize Chase services, yet, she cannot stop because her life depends on paying for healthcare and services.

73. Through other pre-dating lawsuits, complaints by Ms. Niazi, Chase was on notice that this type of behavior was commonplace. By not taking proper remedial steps, Chase recklessly and knowingly placed Ms. Niazi in situations in which she would be subjected to egregious and outrageous conduct.

74. Chase's conduct was a substantial factor in causing this harm. Had she not experienced the circumstances of this outrageous conduct she would not be suffering from the emotional distress she has and continues to endure.

## FOURTH CAUSE OF ACTION:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

### (Alleged against All Defendant)

75. Ms. Niazi repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Compliant and incorporates them herein.

76. Ms. Niazi claims that Chase's caused her to suffer serious emotional distress.

77. Chase undertook a duty to provide Ms. Niazi with banking needs.

78. Chase failed to fulfill that duty by not providing Ms. Niazi the ability to utilize its banking services. Further, on several occasions, knowing Ms. Niazi was a person with a disability requiring reasonable accommodations, Chase negligently failed to ensure that Ms. Niazi was able to utilize its services by the disability policies it already had in place.

79. Chase negligently caused Ms. Niazi to suffer severe emotional distress. She experienced extreme fear, shock, horror, and anxiety in not knowing on a weekly basis whether she would be able to satisfy all her financial responsibilities.

80. Chase instructing employees and branches not to service Ms. Niazi specifically, and pretending not to see Ms. Niazi, breached its duty to provide Ms. Niazi with banking needs.

81. Each and every time Ms. Niazi has to resort to utilizing Chase, she has constant emotional distress that she will be put in a position that threatens her physical safety by being if she were unable to pay for her healthcare treatments and caregivers. Ms. Niazi would be subject to additional life-threatening situations if she was unable to pay for these services.

82. Chase's negligence was a substantial factor in causing Ms. Niazi serious emotional

-12-

distress. Had she not experienced the circumstances of this negligence on the part of Chase, she would not be suffering from the severe emotional distress she has and continues to endure.

## PRAYER

WHEREFORE Plaintiff prays for judgment and the following specific relief against Defendant as follows:

A. Issue a declaratory judgment that Chase: (a) violated California's Unruh Act and Title III of the ADA by failing to provide service to Ms. Niazi on the basis of her disability, and (b) directly violated California's Unruh Act and Title III of the ADA by failing to make reasonable modifications in policy and practice for Plaintiff and persons with similar disabilities in violation of the rights of Plaintiff and other similarly-situated persons under these laws;

B. Award to Plaintiff all appropriate damages under the Unruh Act, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

C. Award punitive damages.

D. Compensatory damages.

E. Award all reasonable attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Civil Rights Act, California Civil Code § 52; and California Code of Civil Procedure § 1021.5;

F. Award prejudgment interest pursuant to California Civil Code § 3291;

G. Interest on monetary awards as permitted by law; and

H. And grant other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Date: March 9, 2023          TRACY LAW, PC

By: _____
KYLE R. TRACY
Attorneys for Plaintiff
Negar Niazi

-13-